UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:23-cv-22010-BB

ANTONIA DONOSO,

     Plaintiff,

v.

NEWMARK VALUATION &
ADVISORY, LLC, a Foreign
Limited Liability Company,

     Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, ANTONIA DONOSO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, NEWMARK VALUATION & ADVISORY, LLC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages in excess of $50,000, exclusive of attorney's fees or costs, under 29 U.S.C. §§ 621-634, the Age Discrimination in Employment Act ("ADEA") to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of age and retaliation.

2. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

4. Defendant was a "person" and/or an "employer" pursuant to, 29 U.S.C. §§ 621-634, the Age Discrimination in Employment Act ("ADEA"), since it employs twenty (20) or more

1

employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute(s), the ADEA.

5. At all times material hereto, Plaintiff was an "employee" within the meaning of the ADEA and is subject to the employment discrimination provisions of the applicable statute(s), the ADEA.

6. Venue is proper in Miami-Dade County, Florida because all of the relevant acts and omissions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

7. At all times material hereto, Plaintiff was and is a female individual over forty (40) years of age and is a member of a class of persons protected from discrimination in her employment under the ADEA. Specifically, at the time of hire, Plaintiff was forty-seven-years-old, and at the end of her employment with Defendant, Plaintiff was fifty-one-years-old.

8. Plaintiff previously filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of Plaintiff's charge and on or about November 17, 2022, Plaintiff received a Dismissal and Notice of Rights. Plaintiff is timely filing suit.

10. All conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff was hired by Defendant on or about October 2017 as a property appraiser.

2

13. At all times while Plaintiff was employed by Defendant, Plaintiff was forty (40) years of age or older and, thus, falls within a class of persons protected against discrimination in their employment under the ADEA.

14. On or about October 2019, Plaintiff started noticing that she was being provided with less work and fewer opportunities for commission compensation.

15. At or around the same time, other similarly situated appraisers in Plaintiff's office, most of whom ranged from their 20s to early 30s, were receiving more work and opportunities to receive commission-based compensation in comparison to what she was being assigned, some of which was work that had been taken off of her and distributed to these younger appraisers under 40 years of age.

16. Plaintiff complained numerous times to manager Norm Lezotte about the disparate and discriminatory distribution of work and about her work being taken off of her and given to the younger appraisers; however, Plaintiff either received no response to these complaints or they went without being meaningfully addressed by Defendant.

17. On or about March of 2021, Plaintiff one of the properties that Plaintiff had been assigned and for which Plaintiff been working on the appraisal, a multi-family property, was removed from her and given to a younger male appraiser (30s) who typically handled appraisals for industrial properties.

18. Plaintiff reported the above incident to Norm LeZotte, complaining that she was being discriminated against and provided with fewer assignments and opportunities as compared to other similarly situated, younger property appraisers, some of whom would even be given the commission compensation on properties for which Plaintiff had done the initial leg work.

19. Plaintiff also reported the disparate assignment of work opportunities to other members of Defendant's management, including, but not limited to, Helene Jacobsen and Steve DuPlantis.

20. Despite Plaintiff's complaints regarding unfair and unequal treatment regarding the assignment and/or reassignment of work opportunities from which Plaintiff could derive compensation, Plaintiff's complaints and/or reports of unfair treatment were not meaningfully addressed by Defendant and its management.

21. The members of Defendant's management referenced above had told Plaintiff on multiple occasions that they were the ones to go to with workplace complaints, and to not go to Human Resources; however, after not receiving help from her manager(s) and/or supervisor(s) regarding her reports of discriminatory treatment based on her age, on or about early April 2021, Plaintiff brought her complaints of discriminatory treatment to Defendant's HR.

22. Shortly after Plaintiff brought her complaints to Defendant's HR concerning the disparate and discriminatory treatment to which she had been subjected regarding inequitable treatment in the assignment of work opportunities on the basis of age, Plaintiff was terminated within days of bringing her complaints to Defendant's HR.

23. Plaintiff was terminated on or about April 8, 2021 due to discrimination and retaliation after Plaintiff made complaints about being subjected to disparate and discriminatory treatment because of her age.

24. At all times material hereto, Plaintiff was qualified to perform the essential functions of her position and did so at or above satisfactory levels.

25. Any reason proffered by Defendant for the conduct complained of herein is mere pretext for unlawful employment actions.

### COUNT I
*Age Discrimination in Violation of the ADEA*

26. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

28. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

29. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

30. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Retaliation in Violation of the ADEA*

6

37. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

38. Defendant is an employer as that term is used under the applicable statutes referenced above.

39. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the ADEA.

40. The foregoing unlawful actions by Defendant were purposeful.

41. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

42. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.

43. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

44. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

45. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

7

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 5, 2023

Respectfully submitted,
*/s/Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgph.law
Corey L. Seldin, Esq.
Fla. Bar No. 1026565
cseldin@rgph.law
***REMER, GEORGES-PIERRE
& HOOGERWOERD, PLLC***
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of July 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/ Corey L. Seldin**
Corey L. Seldin, Esq.
Florida Bar No.: 1026565

**SERVICE LIST**

Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 0188239
pmh@rgph.law
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
cseldin@rgph.law
**REMER, GEORGES-PIERRE**
**& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone
*Counsel for Plaintiff*

Andrew G. Simon, Esq.
Fla Bar No.: 1002623
Andrew.simon@csklegal.com
Bernadette M. Gomez, Esq.
Fla Bar No.: 1031423
Bernadette.gomez@csklegal.com
**COLE, SCOTT & KISSANE, P.A.**
Cole, Scott & Kissane Building
9150 South Dadeland Blvd., Suite 1400
P.O. Box 569015
Miami, FL 33156
Tel: (786) 268-6464
Fax: (305) 373-2294
*Counsel for Defendant*

9