UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI  DIVISION

CASE NO.: 1:23-cv-22010-BB

ANTONIA DONOSO,

       Plaintiff,

v.

NEWMARK VALUATION & ADVISORY,
LLC, a Foreign Limited Liability Company,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Newmark Valuation & Advisory, LLC ("Newmark"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to Plaintiff, Antonia Donoso's Amended Complaint [DE 13], and in support thereof states as follows:

## GENERAL ALLEGATIONS

1. Admitted in so far that Plaintiff has brought the instant action under 29 U.S.C. §§ 621-634, the Age Discrimination in Employment Act ("ADEA") seeking damages in excess of $50,000.00. Denied that Plaintiff is entitled to any damages sought within her Amended Complaint, if Plaintiff was damaged at all. Further denied that Plaintiff is entitled to any relief sought within her Amended Complaint.

2. Admitted in so far that, per Paragraph 2 of Plaintiff's Amended Complaint, Plaintiff is seeking declaratory, injunctive, legal and equitable reliefs with attorneys' fees, costs and damages.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Denied that Plaintiff has properly sought the aforementioned relief. Further denied that Plaintiff entitled to any of the relief sought within her Amended Complaint.

3. Without knowledge therefore denied.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Admitted in so far that Venue is properly laid.

7. The allegations in the first sentence of Paragraph 7 are conclusions of law for which no response is required.  To the extent a response is required, the allegations in the first sentence of Paragraph 7 are admitted for jurisdictional purposes only. The allegations in the second sentence of Paragraph 7 are admitted.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Denied.

13. The allegations in Paragraph 13 are conclusions of law for which no response is required. To the extent a response is required, the allegations as to Plaintiff's age are admitted and the allegations that Plaintiff was discriminated against during the course her employment are denied.

14. Without knowledge, therefore denied.

15. Denied.

16. Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA

26.   Defendant incorporates its responses to paragraph 1-25 above as if fully set forth herein.

27.   The allegations in Paragraph 27 are conclusions of law for which no response is required. To the extent a response is required, the allegations as to Plaintiff's age are admitted and the remaining allegations are denied.

28.   The allegations in Paragraph 28 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

29.   Denied.

30.   The allegations in Paragraph 30 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

31.   Denied.

32.   Denied.

33.   Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

34. The allegations in Paragraph 34 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

35. The allegations in Paragraph 35 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

36. The allegations in Paragraph 36 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant, Newmark Valuation & Advisory, LLC, 1) demands judgment against Plaintiff and in favor of Defendant, 2) that this honorable Court enter an order denying any and all relief sought by Plaintiff within her Amended Complaint and further disposing of the instant lawsuit, 3) award Defendant its attorneys' fees and costs for having to defend against the instant meritless lawsuit and 4) any other relief this Court deems just and proper.

## COUNT II – RETALIATION IN VIOLATION OF ADEA

37. Defendant incorporates its responses to paragraph 1-36 above as if fully set forth herein.

38. The allegations in Paragraph 38 are conclusions of law for which no response is required. To the extent a response is required, the allegations are admitted for jurisdictional purposes only.

39. The allegations in Paragraph 39 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations in Paragraph 40 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

41. The allegations in Paragraph 41 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

42. The allegations in Paragraph 42 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

43. The allegations in Paragraph 43 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

44. The allegations in Paragraph 44 are conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

45. Denied.

WHEREFORE, Defendant, Newmark Valuation & Advisory, LLC, 1) demands judgment against Plaintiff and in favor of Defendant, 2) that this honorable Court enter an order denying any and all relief sought by Plaintiff within her Amended Complaint and further disposing of the instant lawsuit, 3) award Defendant its attorneys' fees and costs for having to defend against the instant meritless lawsuit and 4) any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. As a First Affirmative Defense, Defendant asserts that Plaintiff's Amended Complaint, and each purported claim contained therein, fails to state a claim upon which relief can be granted. To state a claim for age discrimination, Plaintiff bears the burden to demonstrate (1) that she was a member of the protected age group; (2) that she was subject to an adverse employment action; (3) that she was qualified to do the job; and (4) that she was replaced by a younger individual. Plaintiff has not and cannot meet her burden in establishing the third or fourth elements of her claim. Furthermore, Plaintiff is unable to state a claim for retaliation, which requires that Plaintiff show (1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) a causal link existed between the adverse action and her protected expression as

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

there exists no causal link between the alleged adverse employment action and her alleged protected expression.

2.   As a Second Affirmative Defense, Defendant asserts that Plaintiff's Amended Complaint, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to Plaintiff's employment were made by Defendant for legitimate, non-discriminatory, non-pretextual, business reasons. Specifically, Defendant asserts that its conduct was not motivated, in any way, by Plaintiff's age. Defendant's conduct was motivated by reasonable factors other than age.

3.   As a Third Affirmative Defense, Defendant asserts that Plaintiff's claims are barred because the Defendant took prompt, reasonable, and adequate steps to stop and/or correct any alleged wrongful conduct, if any wrongful conduct occurred at all.

4.   As a Fourth Affirmative Defense, Defendant asserts that Plaintiff's Amended Complaint, and each and every purported claim alleged therein, is barred because Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

5.   As a Fifth Affirmative Defense, Defendant asserts that assuming any discriminatory conduct occurred (which Defendant has denied), Defendant has not acted intentionally, willfully, with malice, or with reckless indifference toward Plaintiff, and, therefore, Defendant cannot be liable for punitive damages. Furthermore, Defendant asserts that all relevant times it acted in good faith.

6.   As a Sixth Affirmative Defense, Defendant asserts that Plaintiff is not entitled to receive punitive damages because Plaintiff has not pled and cannot prove facts sufficient to support such an award.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

7.   As a Seventh Affirmative Defense, Defendant asserts that despite paragraph 2 of Plaintiff's Amended Complaint, seeking declaratory, injunctive and equitable relief, Plaintiff is not entitled to same as Plaintiff has not properly brought an entitlement to such relief before this Court nor has pled (nor could she) facts sufficient to support such an award.

8.   As an Eighth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred due to Defendant's good faith efforts to comply with all federal, state and local anti-discrimination law.

9.   As a Ninth Affirmative Defense, Defendant asserts that Plaintiff's claims may be barred in whole or in party by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

10. As a Tenth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred in whole or in part based on the applicable statute of limitations.

11. As an Eleventh Affirmative Defense, Defendant asserts that Plaintiff's claims are barred in whole or in part because any harm or damages alleged to have been suffered by Plaintiff were the proximate result of her own acts or omissions and/or acts or omissions of persons over whom Newmark has no control.

12. As a Twelfth Affirmative Defense, should Plaintiff obtain a judgment against Defendant, then Defendant is entitled to set off against such verdict any sums received by Plaintiff from collateral sources, including but not limited to, interim earnings, unemployment compensation, premium compensation, overpayments, bonuses, advances, commission or other job-related benefits.

13. Defendant expressly reserves its right to supplement or otherwise amend its Affirmative Defenses as justice so requires.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO.: 1:23-cv-22010-BB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July, 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant NEWMARK VALUATION &*
> *ADVISORY, LLC, a Foreign Limited Liability*
> *Company*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (786) 268-6464
> Facsimile (305) 373-2294
> Primary e-mail: andrew.simon@csklegal.com
> Secondary e-mail: bernadette.gomez@csklegal.com

> By:  s/ *Andrew G. Simon*
> ANDREW G. SIMON
> Florida Bar No.:  1002623
> BERNADETTE M. GOMEZ
> Florida Bar No.:  1031423

0377.0488-00/-1

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX